IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOREN ERIC GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1655 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of | ) | |
| Social Security | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, U.S. Senior District Judge

## OPINION
## AND
## ORDER

I. Synopsis

Pending before the Court are Cross-Motions for Summary Judgment. ECF Nos. [10] (Plaintiff) and [14] (Defendant). Both parties filed Briefs in support of their Motions. ECF Nos. [11] (Plaintiff) and [15] (Defendant). The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion as set forth below, Defendant's Motion, ECF No. [14], is granted and Plaintiff's Motion, ECF No. [10] is denied.

II. Background

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits pursuant to the Social Security Act ("Act"). Plaintiff alleges disability beginning April 1, 2007. ECF No. 11, 2. After Plaintiff's application was denied initially, he requested that his application be reviewed by an Administrative Law Judge ("ALJ"). *Id.* After a hearing, the ALJ denied Plaintiff's claims in

an unfavorable decision on August 21, 2009. *Id.* After Plaintiff's request for review by the Appeals Council was denied, on March 24, 2010, Plaintiff filed a civil action in U.S. District Court for the Western District of Pennsylvania seeking judicial review of the decision denying him benefits. *Id.* On September 21, 2010, the District Court remanded the case for further proceedings. *Id.* In accordance with the Court's Order, on October 15, 2010, the Appeals Council vacated the ALJ's August 2009 decision and remanded Plaintiff's claims for further proceedings. *Id.* On October 5, 2011, the ALJ held a second administrative hearing, and he again denied Plaintiff's claims on December 2, 2011. *Id.* When Plaintiff requested review of the December 2011 decision, the Appeals Council remanded the case to a different ALJ. ECF No. 11, 2. Subsequently, two hearings were held before a new ALJ. *Id.* at 3. The October 22, 2013 hearing was continued to obtain additional medical records. ECF No. 6-13, 32-39. At the January 28, 2014 hearing, the Plaintiff, a psychological expert, and a vocational expert testified. *Id.* at 40. On May 22, 2014, the ALJ issued a partially favorable decision finding Plaintiff disabled as of March 8, 2012. ECF No. 6-11, 42. Prior to March 8, 2012, the ALJ found Plaintiff was not disabled because his substance abuse was a contributing factor material to the determination of disability thus precluding an award of benefits prior to that date. *Id.* at 40. Because Plaintiff's disability date of March 8, 2012 occurred after his date last insured, the ALJ awarded Plaintiff supplemental security income ("SSI") benefits only.[1] *Id.* at 26.

III. Legal Analysis

A. Standard of Review

---

[1] *See* 42 U.S.C. § 423(a) (2004) (eligibility for disability insurance benefit payments); 20 C.F.R. §§ 404.101(a), 404.131(a); *Matullo v. Bowen*, 926 F.2d 240, 244 (3d Cir. 1990) (stating claimant must prove disability prior to the expiration of his date last insured).

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). While the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520(a), 416.920(b). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. A Claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. Plaintiff's Motion

1. The ALJ's Analysis Regarding Substance Abuse

Plaintiff's primary argument is that the ALJ erred in determining that Plaintiff's substance abuse materially contributed to his disabling condition prior to March 8, 2012.[2] ECF No. 11, 13-20. On March 29, 1996, Congress passed the Contract with America Advancement Act of 1996 which, in part, amended the Social Security Act to preclude recovery of benefits by a person whose alcoholism or drug addiction contributes to his or her disabling condition. *See* Pub. L. No. 104-21, §§ 105(a)(1), (b)(1), 110 Stat. 847, 852-53 (1996) (codified as amended at 42 U.S.C. § 423(d)(2)(C) (1998)); *see also Torres v. Chater*, 125 F.3d 166, 169 (3d Cir. 1997). The amendment provides that "an individual shall not be considered to be disabled . . . if

---

[2] The ALJ found that beginning on March 8, 2012, the severity of Plaintiff's impairments met listing 12.04 of 20 C.F.R. Part 404, Subpart P, Appendix 1, and he became disabled on that date. ECF No. 6-11, 41-2.

alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material

to the determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The "key factor"

that the ALJ should use in determining whether substance use is a contributing factor material to

the determination of a disability is whether Plaintiff would still be found disabled if he stopped

using drugs or alcohol. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1).

In making this determination, the ALJ should evaluate which of Plaintiff's current

physical and mental limitations, upon which the current disability determination is based, would

remain if Plaintiff stopped using drugs or alcohol. *Id.* Then, the ALJ should determine whether

any or all of Plaintiff's remaining limitations would be disabling. *Id.* If the ALJ determines that

Plaintiff's remaining limitations would not be disabling, then the ALJ should find that the

alcoholism or drug addiction is a contributing factor material to the determination of disability.

*Id.* According to Emergency Teletype EM-96200 (an internal guideline generated by the Social

Security Administration's Office of Disability and sent to all hearing offices on August 30,

1996), "[w]hen it is not possible to separate the mental restrictions and limitations imposed by

DAA [drug and alcohol addiction] and the various other mental disorders shown by the evidence,

a finding of 'not material' would be appropriate." *McGill v. Comm'r of Soc. Sec.*, 288 F. App'x

50, 52 (3d Cir. 2008) (quoting EM-96200). Additionally, as explained in Social Security Ruling

13-2p, the longstanding policy is that the claimant continues to have the burden of proving

disability throughout the DAA materiality analysis. Soc. Sec. Reg. 13-2p, 2013 WL 621536, at

*4. A finding about materiality is an opinion on an issue reserved to the Commissioner under 20

C.F.R. §§ 404.1527(e) and 416.927(e). *Id.* at *8 n.19.

Here, the ALJ found Plaintiff has "bipolar disorder, personality disorder, posttraumatic

stress disorder and polysubstance abuse" that are severe impairments within the meaning of the

Regulations. ECF No. 6-11, 28. The ALJ further found that these impairments, individually or in combination, prior to March 8, 2012, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, ECF No. 6-11, 29, and "considering claimant's age, education, work experience, and residual functional capacity based on all of the impairments, including the substance use disorder, there are no jobs that exist in significant numbers in the national economy that the claimant can perform . . . [but] if the claimant stopped the substance use . . . there would be a significant number of jobs in the national economy that the claimant could perform." *Id.* at 34 & 40. Additionally, the ALJ concluded that "[a]s of March 8, 2012, the claimant's substance use disorder is not a contributing factor material to the determination of disability [and that claimant] became disabled on that date and has continued to be disabled through the date of [the ALJ's] decision." *Id.* at 42.

Boiled to its essence, Plaintiff's argument is that the ALJ improperly applied the DAA materiality analysis reasoning that if Plaintiff's impairments were disabling when he was sober, then the ALJ should have found the same impairments to be disabling during the time when he was abusing drugs and alcohol. ECF No. 11, 13. In support, Plaintiff claims that there is no evidence of significant deterioration of Plaintiff's limitations as of March 8, 2012. *Id.* Plaintiff further argues that the ALJ improperly weighed the opinions of the various medical experts during her DAA analysis. *Id.* at 15-20. I disagree. After careful review of the record, I find there is substantial evidence to support the ALJ's finding that Plaintiff's limitations caused by alcohol and substance abuse can be separated from his remaining limitations during the time period prior to March 8, 2012.

First, while evidence from a period of sobriety can be instructive, a claimant does not have to present evidence from a period of abstinence. Soc. Sec. Reg. 13-2p. In cases like

Plaintiff's, where there is a medically diagnosed mental disorder in addition to DAA, an ALJ must be able to point to evidence in the case record establishing that a claimant with a co-occurring mental disorder would not be disabled in the absence of DAA to support a finding that the DAA is material. *Id.* Here, as explained more fully, *infra*, the ALJ properly applied the DAA materiality analysis to Plaintiff's case record to consider the severity of Plaintiff's remaining limitations during the time period when he was abusing. ECF No. 6-11, 35-39.

Here, the ALJ's finding of disability during Plaintiff's period of extended sobriety was not based simply on a continuation of the Plaintiff's severe limitations absent substance abuse. Rather, the ALJ concluded that after March 8, 2012, the severity of Plaintiff's bipolar disorder "manifested [] the full symptomatic picture of both manic and depressive syndromes, including severe depression, unstable moods, hopelessness, helplessness, appetite disturbances, sleep disturbances, impaired concentration, disorganization, inability to complete tasks, risky behavior, grandiosity, over spending, suicidal ideations and command and derogatory audio hallucinations." ECF No. 6-11, 41 (citing Exhibits 24F, 27F, 28F, & 29F). Prior to March 8, 2012, the ALJ found that the evidence of record showed Plaintiff had problems with self-isolation and suicidal ideations, for example, only when abusing drugs and alcohol. *See id.* at 35 (citing Exhibit 3F). Thus, contrary to Plaintiff's assertion that there is no evidence of deterioration, there is substantial evidence that the Plaintiff's mental disorder manifested more severely after March 8, 2012 and that Plaintiff did not improve with treatment as he had prior to that time period. *See, e.g.,* Exhibits 24F, 3, 8, 13, 14, 27F, 29, 30, 31, and 29F (documenting sad, depressed, and unstable moods, daily suicidal ideations, command hallucinations, thoughts preoccupied by death, visual hallucinations of people or monsters representing death).

After careful review of the record, I find that substantial evidence supports the ALJ's conclusion that Plaintiff's report of suicidal ideations and increased symptoms prior to March 8, 2012 coincided with his periods of substance abuse but that he improved during his hospitalizations when he temporarily stopped using drugs and alcohol. ECF No. 6-11, 31-33. As the ALJ noted, Plaintiff's difficulties in social functioning prior to March 8, 2012 were exacerbated when he was abusing substances—he stopped attending NA and AA meetings, isolated himself, and hid in closets and bathrooms. ECF No. 6-11, 29 (citing Hearing testimony and Exhibits 3E, 13F, 15F, 27F). Substance abuse also affected Plaintiff's limitations with regard to concentration, persistence, and pace--when he was using, Plaintiff was non-compliant with his medication and therapy, experienced hallucinations, and became suicidal. *Id.* at 30 (citing, *inter alia*, Exhibits 1F, 2F, 5F, 8F, 15F, 19F, 21F, 24F). Plaintiff's first hospitalization for a suicide attempt in February 2008 occurred after taking "a lot of cocaine all day." *Id*. (citing Exhibits 1F & 2F). Plaintiff subsequently was hospitalized (or involuntary hospitalization was sought for Plaintiff) for suicidal ideations in October 2010 and April 2011. *Id.* The record supports the ALJ's conclusion that each of these hospitalizations occurred contemporaneously with an increase in Plaintiff's substance abuse. *Id.* at 30-33. Conversely, prior to March 8, 2012, during the times when Plaintiff reported that he was not using drugs and alcohol, substantial evidence supports the ALJ's finding that Plaintiff had only moderate difficulties in social functioning and with regard to concentration, persistence or pace. *Id.* at 35 & 37; *see* Exhibits 5F, 13F, & 15F.

To support her finding that DAA was material prior to March 8, 2012, the ALJ also relied on the testimony of Richard W. Cohen, M.D., a board certified psychiatrist and non-examining medical expert who testified telephonically at the disability hearing held on January 28, 2014.

ECF No. 6-13, 55-69 (Dr. Cohen's testimony); *see* ECF No. 6-11, 41 (ALJ's discussion of Dr. Cohen's testimony). An ALJ may consider the medical opinions from treating and non-treating sources regarding the extent to which a claimant's other impairments would likely improve absent substance use. Soc. Sec. Reg. 13-2p. While the opinion of a treating physician generally is afforded greater weight than that of a non-examining consultant, *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 357 (3d Cir. 2008), an ALJ may reject the opinion of a treating physician if he specifically refers to contradictory medical evidence. *See Moffatt v. Astrue*, Civ. Action No. 10-226, 2010 WL 389644, at *6 (W.D. Pa. 2010); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (citing Soc. Sec. Reg. 96-6p and stating: "State agent opinions merit significant consideration as well."). "[W]here . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Morales v. Apfel,* 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (internal citation omitted); *see also Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). Here, I find nothing improper in the ALJ's reliance on the opinion of Dr. Cohen.

Prior to rendering his opinion, Dr. Cohen questioned Plaintiff about his substance use during the relevant time period, focusing on Plaintiff's use prior to and following Plaintiff's hospitalization for a suicide attempt (March 8-12, 2012). ECF No. 6-13, 57-61. Based on his review of the medical evidence of record, as well as Plaintiff's testimony that he was using drugs and alcohol regularly, but not daily, around the time of March 2012, and that he has been mostly sober since that time period, with under ten "slips" since his March 2012 hospitalization, *id.* at 61, Dr. Cohen opined that Plaintiff's drug use was material to the disability determination prior

9

to March 8, 2012. *Id.* at 62-67. Dr. Cohen further opined that prior to March 8, Plaintiff had a "substance abuse mood disorder--increasing cocaine usage that mimics a bipolar disorder." *Id.* at 64. Dr. Cohen explained that his review of the record is based on increasing substance abuse prior to all of Plaintiff's hospitalizations. *Id.* at 66-67. Dr. Cohen further explained that his opinion of non-materiality after March 8, 2012 is based on the Plaintiff's testimony that his substance use after that date constituted mere slips. *Id.* at 65.

Significantly, the ALJ found Dr. Cohen's opinion consistent with the medical evidence of record. The ALJ explained that the record supported Dr. Cohen's conclusion that "the claimant's report of suicidal ideations and increased symptoms when using substances and his improvement during his hospitalizations when he at least temporarily stopped using drugs and alcohol, indicated by increased GAF scores as high as 70, indicat[ed] mild symptoms, and [he had] normal mental status examinations at discharge." ECF no. 6-11, 32 (citations omitted). The ALJ was entitled to rely on Dr. Cohen's opinion and reasoning, with support in the record, to arrive at her own decision of materiality. Accordingly, on this point, I find no error.

Plaintiff further takes issue with the ALJ's consideration of the other medical evidence of record alleging that the ALJ "erred by accepting the opinions from all the treating and examining mental health specialists *except* to the extent that they addressed the issue of Mr. Gibson's substance use simply because the determination of disability is 'reserved to the Commissioner.' " ECF No. 11, 15. I disagree. As previously stated, a finding about materiality is an opinion on an issue reserved to the Commissioner under 20 C.F.R. §§ 404.1527(e) and 416.927(e). With regard to the ALJ's evaluation of Dr. Seth Rubin, the ALJ explained that she afforded Dr. Rubin's opinion as to disability little weight because Dr. Rubin did not address Plaintiff's functional limitations and his statement regarding disability was conclusory. ECF No. 6-11, 38.

Moreover, the ALJ explained that she gave significant weight to Dr. Rubin's opinion that Plaintiff's "substance abuse exacerbates his underlying bipolar disorder . . . as it is consistent with the evidence of record showing that his condition improves when he is not using drugs and alcohol." *Id.* (citing portions of Exhibits 2F, 5F, 9F, 13F, 14F, 15F, 24F, 27F). Similarly, the ALJ discounted Dr. Antoine Douiahy's opinion for making a conclusory statement regarding disability without addressing Plaintiff's functional limitations. *Id.* I also find that the ALJ properly considered the medical opinions of Dr. Joshua Frank and Chantal Deines, Psy.D. *Id.* at 32 (giving significant weight to Dr. Frank's July 14, 2009 psychiatric assessment (Exhibit 11F) assigning Plaintiff a GAF score of 53, indicating moderate symptoms, and finding Plaintiff has marked limitations in concentration, persistence, and pace as consistent with the evidence of record when Plaintiff is abusing substances and noting that Plaintiff had only been clean approximately three months prior to July 2009) *&* 38 (giving significant weight to Dr. Deines' opinion rendered on January 10, 2011 (Exhibit 13F) wherein she opined that "any relapse in substance abuse would worsen [Plaintiff's] condition and that total abstinence with a commitment would improve his condition"). The ALJ's analysis is sufficient: she expressly articulated the weight she gave the medical opinions, explained the basis for her conclusions, and addressed any inconsistencies in conjunction with the other evidence of record. Accordingly, I find the ALJ did not err in her evaluation of the medical evidence.

As this Court has emphasized, when performing a DAA analysis, an ALJ must decide whether, when a claimant's substance abuse is removed from the picture, given the severity of the remaining limitations as shown by the medical and other evidence of record, the claimant is capable of performing substantial gainful activity available in the economy. *Pintal v. Colvin*, Civ. Action No. 1:13-127, 2014 WL 2049100, at *5 (W.D. Pa. May 19, 2104), *aff'd by* 602 Fed.

Appx. 84 (3d Cir. 2015) (citing *Davis v. Astrue*, 830 F. Supp. 2d 31, 48-49 (W.D. Pa. 2011)). Here, I find there is substantial evidence to support the ALJ's conclusion that prior to March 8, 2012, absent Plaintiff's substance abuse, Plaintiff would have been able to perform a full range of work at all exertional levels with limitations that accommodated the symptoms of his mental disorders. *See i.d.* Accordingly, Plaintiff's request for reversal or remand on this point is denied.

2. The ALJ's Evaluation of Plaintiff's Credibility

Plaintiff also alleges that the ALJ erred in her evaluation of Plaintiff's credibility.

An ALJ is charged with the responsibility of determining credibility. *Smith v. Califano*, 637 F.2d 968, 969 & 972 (3d Cir. 1981). The ALJ must consider "the entire case record" in determining the credibility of an individual's statements. Soc. Sec. Reg. 96-7p. An ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id.* In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§ 416.929(c), 404.1529(c); Soc. Sec. Reg. 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations unless they are not supported by substantial evidence. *Smith*, 637 F.2d at 972; *see also Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974, *cert. denied*, 420 U.S. 931 (1975).

Upon careful review of the record, I find that the ALJ followed the proper method to determine Plaintiff's credibility. As laid out in her opinion, the ALJ followed the standard set forth above to arrive at the conclusion that Plaintiff's "allegations when he was not abusing substances are out of proportion to and inconsistent with the evidence of record." *See* ECF No. 6-11, 37-39. Contrary to Plaintiff's assertion that the ALJ discredited Plaintiff based primarily on gaps in treatment and failure to comply with psychiatric medications, my review of the record indicates that the ALJ properly considered all of the applicable factors. For example, the ALJ cited extensively to Plaintiff's mental status examinations which were devoid of manic symptoms when Plaintiff was not using, ECF No. 6-11, 37 (citing Exhibits 5F, 24F, 27F), as well as evidence wherein examiners noted that Plaintiff's responses indicated that he was exaggerating his symptoms. *Id.* (citing Exhibit 13F). Additionally, as Defendant points out, in her credibility determination, the ALJ cited to treatment notes wherein a therapist notes that she "challenged [Plaintiff] to consider whether his appeals for SSI come from the fact that he is genuinely incapable of working or whether it is part of an ongoing strategy in which he avoids becoming increasingly self-sufficient and responsible for himself. . . . He indicated that he only intends to use it as a temporary solution as he sees himself as competent enough to work and be successful." ECF No. 6-41, 46 (Exhibit 24F, cited by the ALJ at ECF No. 6-11, 37). Accordingly, based on my review of the record as a whole, I find substantial evidence supports the ALJ's findings regarding Plaintiff's credibility. Therefore, I find no error in this regard.

IV. Conclusion

Based on the evidence of record and the briefs filed in support thereof, I find there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled within the

meaning of the Social Security Act prior to March 8, 2012.  As a result, I deny Plaintiff's motion

for summary judgment, and I grant Defendant's motion for summary judgment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOREN ERIC GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1655 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of | ) | |
| Social Security | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, U.S. Senior District Judge

ORDER

AND NOW, this 21st day of July, 2015, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Plaintiff's Motion for Summary Judgment (ECF No. [10]) is DENIED and Defendant's Motion for Summary Judgment (ECF No. [14]) is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Court Judge